IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

DAVID GOINGS,
LEWINE BOUCHER-GOINGS, and
JUANITA GOINGS,

    Plaintiffs,

vs.

CHICKASAW COUNTY;
MARTIN LARSEN, Individually and in his official capacity;
TODD MILLER, Individually and in his official capacity; and
CITY OF NASHUA,

    Defendants.

No. C06-2063

RULING ON JOINT MOTION TO STRIKE PLAINTIFFS' DESIGNATION OF EXPERTS

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. BACKGROUND FACTS AND PROCEEDINGS . . . . . . . . . . . . . . . . . . 2

IV. EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.   Noncompliance with the Rules . . . . . . . . . . . . . . . . . . . . . 4
        1. Was Plaintiffs' failure to comply substantially justified? . . . . . . . 7
        2. Was Plaintiffs' failure to comply harmless? . . . . . . . . . . . . . 9
    B.   Application of Rooker-Feldman Doctrine . . . . . . . . . . . . . . . 10
    C.   Doctrine of Collateral Estoppel . . . . . . . . . . . . . . . . . . . . . 12

VI. SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

## I. INTRODUCTION

This matter comes before the Court on the Joint Motion to Strike Plaintiffs' Designation of Experts and Alternative Motion to Continue Time for Defendants' Expert Designation (docket number 30) filed by the Defendants jointly on July 27, 2007, and the Resistance (docket number 31) filed by the Plaintiffs on August 9, 2007. Pursuant to Local Rule 7.1.c, the Motion will be decided without oral argument.

## II. ISSUE PRESENTED

Defendants request that the Court strike Plaintiffs' Designation of Expert Witnesses (docket number 29) filed on July 19, 2007. While the designation was filed on the deadline established by the Scheduling Order and Discovery Plan (docket number 13), Defendants claim that it fails to comply with Local Rule 26.1.b and FED. R. CIV. P. 26(a)(2)(B). Defendants further argue that Plaintiffs should be precluded from calling the designated experts in any event, due to the application of the *Rooker-Feldman* doctrine and the doctrine of collateral estoppel.

## III. BACKGROUND FACTS AND PROCEEDINGS

On September 8, 2004, Defendant Todd Miller -- a Chickasaw County Deputy Sheriff -- and others conducted a search at a house and acreage owned by Plaintiff Juanita Goings. Also residing at the home were Juanita's children, Plaintiffs David Goings and Lewine Boucher-Goings. As a consequence of the search, David Goings was charged in the District Court for Chickasaw County with manufacture of marijuana, drug tax stamp violation, and interference with official acts.[1]

David Goings filed a Motion to Suppress in the state court criminal proceeding. In a ruling filed on August 11, 2005, District Judge J. G. Johnson sustained the Motion to Suppress as it pertained to items seized from Goings' bedroom, but denied the Motion to Suppress pertaining to items taken from Goings' person at the time of his arrest. Judge

---

[1] (*See State of Iowa v. David Allen Goings*, Chickasaw County Number FECR005974.)

2

Johnson also concluded that evidence relating to growing marijuana plants found on adjacent property was admissible.[2] According to an Affidavit filed by Plaintiffs' counsel, the charge was reduced and David Goings was convicted of possession of marijuana on August 15, 2006, following a trial on the Minutes, and sentenced on September 12, 2006.[3] Goings filed a timely appeal, which is still pending.

On September 8, 2006 (following David Goings' conviction in state court, but prior to his sentencing), Plaintiffs filed the instant action. In their Complaint (docket number 1), Plaintiffs claim that Martin Larsen -- the Chickasaw County Sheriff -- "advised the Department of Human Services of a false child abuse report occurring at the residence of the Plaintiffs regarding the manufacture and use of a controlled substance in the residence."[4] Plaintiffs further allege that Erica Troyna -- a representative of the Department of Human Services -- determined that "there was no foundation to the complaint," but she and Deputy Sheriff Miller nonetheless proceeded to the Plaintiffs' residence "and conducted an illegal search."[5] Plaintiffs claim entitlement to money damages pursuant to 42 U.S.C. § 1983, and for defamation, false arrest, and malicious prosecution. A jury trial is scheduled before Chief Judge Linda R. Reade commencing on April 21, 2008. A Motion for Summary Judgment (docket number 24) filed by the Chickasaw County Defendants on July 2, 2007, is pending.

---

[2] *See* Affidavit of Judith O'Donohoe in Support of Plaintiffs' Resistance to Strike Expert Witnesses (docket number 33-1) at 6-11.

[3] *See Id.* at 2, ¶ 6.

[4] *See* Complaint (docket number 1) at 2, ¶ 10.

[5] *See Id.* at 2-3, ¶ 11.

3

## IV. EXPERT WITNESSES

The Chickasaw County Defendants and Defendant City of Nashua each served Plaintiffs with interrogatories, including an interrogatory relating to expert witnesses. According to the instant Motion, Plaintiffs responded to both sets of interrogatories on or about April 15, 2007, as follows:

> We have not hired any expert witnesses as yet. We may hire a witness in the area of police procedure and a [sic] expert in the area of propagation of marijuana.

*See* Joint Motion to Strike (docket number 30-1), Exhibits A and B.

On July 19, 2007, Plaintiffs filed their Designation of Expert Witnesses (docket number 29). Plaintiffs identify Thomas Burr, Dr. Louis Mayo, and three doctors from Iowa State University, in the alternative. The Designation includes the experts' addresses and a short description of the general area about which the expert would testify. Thomas Burr is a toxicologist who would testify "relative to the drug test results of David Goings and the time frame in which marijuana will remain testable in a [sic] individual's system." Dr. Mayo's qualifications are not disclosed, but he would "discuss proper procedures for search warrants, detaining and arresting an individual." One of the three identified professors from Iowa State University would "discuss the difference between cultivated and uncultivated marijuana."

## V. ANALYSIS

### A. *Noncompliance with the Rules*

Initially, Defendants argue that Plaintiffs' Designation of Expert Witnesses does not comply with Local Rule 26.1.b and, therefore, was not timely filed. The Local Rule provides:

> Unless otherwise stipulated by the parties, the parties must, on or before the deadlines for disclosing expert witnesses established by the Rule 16(a) and 26(f) scheduling order and discovery plan, disclose their expert witnesses *in accordance*

4

> *with the requirements of Federal Rule of Civil Procedure 26(a)(2)(A) and (B).*

*See* Local Rule 26.1.b (emphasis added). In this case, Plaintiffs filed their Designation of Expert Witnesses on the deadline established by the Scheduling Order and Discovery Plan. Defendants argue, however, that Plaintiffs failed to comply with the Order and Local Rule 26.1.b because the disclosure was not "in accordance with the requirements of FED. R. CIV. P. 26(a)(2) (A) and (B)."

Federal Rule of Civil Procedure 26(a)(2)(B) provides, in pertinent part, that an expert witness disclosure must "be accompanied by a written report prepared and signed by the witness." The contents of the report are also described in the Rule:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data over other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B). Plaintiffs concede that their designation filed on July 19, 2007, does not comply with Rule 26(a)(2)(B).[6] Plaintiffs argue, however, that full compliance was not possible due to ongoing discovery. According to Plaintiffs, "[t]hey attempted to provide sufficient information to alert the Defendants to the experts they intended to use, but it is premature due to the state of the discovery, to have the experts issue a signed report."[7]

---

[6] "Plaintiffs are aware that the designation does not contain all of the information required by the disclosure." *See* Memorandum Re: Resistance to Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 31-2) at 4.

[7] *See Id.*

5

If Plaintiffs believed that they were unable to comply with the requirements of Rule 26(a)(2)(B) "due to the state of the discovery," however, their remedy was not to simply ignore the requirement, but to request an extension of the deadline. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) ("If [Plaintiff] had a legitimate need to await [Defendant's experts] report before producing the evidence necessary to meet his burden of proof, then his proper course of action would have been to seek an extension of the deadline."). In support of their argument that disclosure of their expert witnesses is "premature," Plaintiffs note that the only discovery prior to the disclosure deadline "has been the deposition of Plaintiffs" and the interrogatories submitted by Defendants. This argument merely illustrates, however, that while Defendants have been actively engaged in discovery, Plaintiffs have failed to undertake any discovery since the filing of their Complaint nearly one year ago.[8]

Failure to disclose experts in a timely manner is equivalent to failure to disclose. *Trost*, 162 F.3d at 1008. The Eighth Circuit has upheld district courts precluding experts from testifying when those experts were not timely disclosed pursuant to pretrial orders and local rules. *See, e.g., Harris v. Steelweld Equip. Co., Inc.*, 869 F.2d 396, 399 (8th Cir. 1989), and *Blue v. Rose*, 786 F.2d 349, 351 (8th Cir. 1986). Federal Rule of Civil Procedure 37(c)(1) provides, in part, that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Accordingly, Plaintiffs are not permitted to use the testimony of their designated experts unless the Court finds that their failure to comply

---

[8] According to Plaintiffs' Resistance, "[t]here is a deposition of the Nashua Police Officer and some others scheduled for August 15, 2007." *See* Memorandum Re: Resistance to Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 31-2) at 4.

6

with Local Rule 26.1.b and FED. R. CIV. P. 26(a)(2)(B) was "substantially justified" or "harmless."

### 1. Was Plaintiffs' failure to comply substantially justified?

Plaintiffs claim that their noncompliance with Rule 26(a)(2)(B) is justified "due to the state of the discovery." As noted above, however, the lack of discovery cited by Plaintiffs is a result of their inaction since the filing of their complaint on September 4, 2006. Plaintiffs note that the appeal of David Goings' state court conviction is still pending and argue that "[i]t is not an economical use of the Court's time or counsel's time to pursue the trial of this matter at a faster rate than the appeal."[9] As noted by the Chickasaw County Defendants in their Reply Memorandum, however, the delay in the state court appeal is due, in large part, to delinquencies by Goings in filing an appellant's brief with the Iowa Supreme Court.[10]

A similar argument was made, and rejected by the Court, in *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305 (N.D. Iowa 2005). There, the scheduling order required Plaintiffs to disclose their expert witnesses by February 22, 2005. On February 15, 2005 (ten days prior to the deadline), Plaintiffs mailed Defendant a designation of expert witnesses, identifying the names and occupations of two potential expert witnesses. The designation did not, however, include any expert reports. *Id.* at 307. Defendant did not immediately object and, in fact, filed an unresisted motion -- which was granted by the court -- to extend the deadline for disclosing its expert witnesses. Later, after efforts at mediation proved unsuccessful, Defendant filed a Motion for Summary Judgment and argued that Plaintiffs were precluded from relying on any expert testimony since "they never supplied

---

[9] *See* Resistance to Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 31-1) at 3, ¶ 10.

[10] *See* Chickasaw County Defendants' Reply Memorandum (docket number 35-1) at 2.

7

any expert reports as required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26.1(b)." *Id.* at 308.

The Plaintiffs responded by filing a "Motion for Leave of Court to Provide Expert Report Upon Completion of Discovery." First, Plaintiffs argued that they had complied with the discovery order since they had disclosed the names and occupations of the experts by the disclosure deadline. Alternatively, Plaintiffs argued that if production of the expert reports was required by the disclosure deadline, "they were justified in not disclosing the expert reports because no depositions had taken place." *Id.* In their brief, Plaintiffs argued that "[i]f the Court intended the disclosure of expert witness deadline to also apply to expert reports, the Plaintiffs contend that these discovery matters constitute a sufficient showing of good cause for the Court to grant Plaintiffs leave to serve the expert report as soon as practicable and no later than 90 days prior to trial." *Id.* at 309.

The Court in *Benedict* rejected Plaintiffs' arguments. The Court noted that Local Rule 26.1.b requires disclosure in compliance with FED. R. CIV. P. 26(a)(2)(B) which, in turn, requires production of an expert report. *Id.* at 315. The Court also considered and rejected Plaintiffs' argument that their noncompliance was substantially justified due to the state of discovery.

> Although the court can imagine circumstances under which a discovery dispute might constitute substantial justification for not filing a timely expert report, this is not such a case.

*Id.* at 317. In rejecting Plaintiffs' lack-of-discovery excuse, the Court indicated that it was "particularly troubled by the after-the-fact character of the [Plaintiffs'] discovery complaints, as well as the length of the delay." *Id.* Similarly, Plaintiffs in the instant action apparently did not engage in any discovery prior to the July 19, 2007, disclosure deadline, nor did they object prior to that time regarding Defendants' alleged failure to cooperate with discovery. Furthermore, Plaintiffs did not request an extension of the expert disclosure deadline, or seek any other relief, on the grounds that David Goings' criminal appeal is pending before the Iowa Supreme Court.

8

In summary, the Court concludes that Plaintiffs' failure to timely disclose their expert witnesses -- complete with expert reports -- as required by Local Rule 26.1.b and FED. R. CIV. P. 26(a)(2)(B), was not "substantially justified." If Plaintiffs believed that there was good cause for failing to comply with the applicable Rules, then their proper course of action would have been to seek an extension of the deadline, rather than simply failing to comply.

### 2. Was Plaintiffs' failure to comply harmless?

Even though the Court has concluded that Plaintiffs' failure to timely disclose their expert witnesses in compliance with the Rules was not substantially justified, the testimony of the witnesses should nonetheless be permitted if the Court finds that "such failure is harmless." *See* FED. R. CIV. P. 37(c)(1). Noting that the deadline for completion of discovery is December 17, 2007, and the trial date is April 21, 2008, Plaintiffs argue that the failure to timely disclose their expert witnesses is not only harmless, but a more "economical" use of time.

In *Benedict*, the Court concluded that Plaintiffs' failure to disclose their expert reports was not harmless:

> Because of the great length of the [Plaintiffs'] delay, the dispositive motions deadline passed before [Defendant] received the [Plaintiffs'] expert report. [Defendant] thus premised its Motion for Summary Judgment on the [Plaintiffs'] failure to disclose. The court finds this reliance clearly prejudiced [Defendant].

232 F.R.D. at 318-319. In the instant action, however, the deadline for completion of discovery is December 17, 2007, and the dispositive motions deadline is not until January 17, 2008. In *Benedict*, the expert reports were not submitted until a little more than two months in advance of trial,[11] while in the instant action the trial is still nearly eight months away.

---

[11] *Id.* at 319.

9

The Chickasaw County Defendants filed a Motion for Summary Judgment (docket number 24) on July 2, 2007. Neither the Motion nor the Resistance (docket number 41), however, rely on the proposed testimony of the experts identified in Plaintiffs' disclosure.[12]

The Courts have long-recognized the importance of compliance with pretrial orders. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting FED. R. CIV. P. 1). Furthermore, "'[t]he power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to the judge's control over the case." *Boardman v. National Medical Enterprises*, 106 F.3d 840, 843 (8th Cir. 1997) (quoting *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978)). Nonetheless, after carefully considering the facts and circumstances in this case, the Court concludes that Plaintiffs' failure to comply with the Scheduling Order and applicable rules was "harmless" within the meaning of FED. R. CIV. P. 37(c)(1).

### B. *Application of Rooker-Feldman Doctrine*

Defendants next argue that the testimony of Thomas Burr and the three experts from Iowa State University is precluded in any event by application of the *Rooker-Feldman* doctrine. According to the abbreviated Designation of Expert Witnesses (docket number 29) filed by Plaintiffs on July 19, 2007, Thomas Burr "will testify relative to the drug test results of David Goings and the time frame in which marijuana will remain testable in a [sic] individual's system." According to the same Designation, one of the experts from Iowa State University "will discuss the difference between cultivated and uncultivated

---

[12] The Court notes parenthetically that the Motion for Summary Judgment filed by the Chickasaw County Defendants was filed seventeen days prior to the deadline for disclosure of expert witnesses by Plaintiffs.

10

marijuana and the states of growth at which each type of plant has sufficient THC to be utilized as a hallucinogen." In asking that the Court strike Plaintiffs' Designation of Experts, Defendants opine that "[i]t sounds like David wishes to retry his state criminal case where he called no witnesses, let alone expert witnesses."[13] Defendant David Goings, however, denies any such intent:

> David Goings is not planning to pursue this claim based on his wrongful conviction unless the State Court sustains his appeal; he is well aware of the fact that the State court's decision on appeal would be determinative as to any position that he could take in this case.[14]

In fact, Plaintiffs' counsel concedes that "[t]he Plaintiff, David Goings, would not need two of the three expert witnesses if he did not prevail on appeal."[15]

"The *Rooker-Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). "The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.*

In their Memorandum, Plaintiffs agree with Defendants that a lower federal court is precluded from exercising jurisdiction over challenges to State Court judgments. If David Goings' conviction is affirmed on appeal by the Iowa Supreme Court, then Plaintiffs

---

[13] *See* Defendants' Memorandum in Support of Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 30-3) at 3.

[14] *See* Resistance to Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 31-1) at 2.

[15] *See* Memorandum Re: Resistance to Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 31-2) at 6.

agree that they "would not need" two of the three expert witnesses. The Court concludes, however, that while application of the *Rooker-Feldman* doctrine will prevent Plaintiffs from collaterally attacking the Iowa Supreme Court's ruling, it does not prevent Plaintiffs from designating experts at this time. *If* Goings' conviction is reversed by the Iowa Supreme Court, then the testimony of the expert witnesses may be relevant at trial.

### C. Doctrine of Collateral Estoppel

Defendants' collateral estoppel argument is closely related to their *Rooker-Feldman* argument. As set forth above, the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising subject matter jurisdiction over challenges to state court judgments. Similarly, the doctrine of collateral estoppel precludes relitigation of issues previously decided. The doctrine was summarized succinctly by the United States Supreme Court as follows:

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted).

A state court order will have preclusive effect in federal court.

> The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote

12

>the comity between state and federal courts that has been recognized as a bulwark of the federal system.

*Id.* at 95-96.

Again, Plaintiffs do not dispute the general principle of law relied upon by Defendants. Plaintiffs concede that if David Goings' conviction is affirmed by the Iowa Supreme Court, then it will preclude Goings from arguing a Fourth Amendment violation. In any event, the Court concludes that at this stage of the litigation, Plaintiffs may designate their expert witnesses. Whether these witnesses will be permitted to testify at trial depends, in part, on the status of Goings' appeal at that time.

## VI. SUMMARY

In summary, it is undisputed that Plaintiffs failed to comply with Local Rule 26.1.b, including adherence to the requirements of FED. R. CIV. P. 26(a)(2)(B). In addition, the Court concludes that Plaintiffs' failure to file timely expert reports was not "substantially justified." Nonetheless, after considering all of the facts and circumstances in this case, the Court concludes that the failure to provide expert reports was "harmless" and Plaintiffs should be given an opportunity to comply. The Court further concludes that the *Rooker-Feldman* doctrine and the doctrine of collateral estoppel do not preclude the designation of expert witnesses by Plaintiffs. Plaintiffs concede, however, that they cannot collaterally challenge the Iowa Supreme Court's ruling on Goings' appeal of his state court conviction. If the Court affirms David Goings' conviction, then Plaintiffs are precluded from calling those experts to testify at the time of trial.

The Court concludes that Plaintiffs should be given a short period of time in which to fully comply with Local Rule 26.1.b and FED. R. CIV. P. 26(a)(2)(B). In addition, the Court concludes that Defendants' alternative motion to extend the time to designate their expert witnesses should be granted.

13

Case 6:06-cv-02063-LRR   Document 43   Filed 08/28/07   Page 13 of 14

## *ORDER*

IT IS THEREFORE ORDERED as follows:

1. The Joint Motion to Strike Plaintiffs' Designation of Experts (docket number 30-1) filed by Defendants on July 27, 2007, is hereby **DENIED**.

2. Plaintiffs shall file expert witness reports, in compliance with FED. R. CIV. P. 26(a)(2)(B), not later than **September 10, 2007.**

3. The deadline for Defendants' disclosure of expert witnesses is hereby **EXTENDED** to **October 10, 2007.**

4. The deadline for disclosure of Plaintiffs' rebuttal experts is **EXTENDED** to **October 25, 2007.**

5. The extension of the expert witness disclosure deadlines as set forth above shall not affect the deadlines for completion of discovery (December 17, 2007) or filing of dispositive motions (January 17, 2008), nor shall it affect the trial date (April 21, 2008).

DATED this 28th day of August, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

14